IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:07-1467-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Terrance Nevar Jennings, | ) | |
| Movant. | ) | |

This matter is before the court on Terrance Nevar Jennings' ("Jennings'") motion to reconsider the court's order denying his motion for modification of his sentence pursuant to 18 U.S.C. § 3582. For the reasons set forth below, the court denies the motion.

On June 25, 2008, Jennings pled guilty to one count of conspiracy to possess with the intent to distribute five kilogams or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(A). On November 14, 2008, United States District Judge Henry F. Floyd sentenced Jennings to 120 months imprisonment, followed by five years of supervised release. On January 28, 2010, Judge Floyd reduced Jennings' sentence to 80 months based upon substantial assistance. Jennings did not appeal his conviction and sentence. On December 5, 2011, he filed a motion for the appointment of counsel and to modify his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA") and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G.") which reduced the offense levels for certain crack cocaine offenses. The court denied Jennings' motion on January 27, 2012. In the instant motion, Jennings asks the court to reconsider in light of the downward departure he was granted for substantial assistance.

Pursuant to 18 U.S.C. § 3582(c), a district court generally "may not modify a term of

imprisonment once it has been imposed." A district court may modify a term of imprisonment only in very limited circumstances. 18 U.S.C. § 3582(b), (c). Specifically, § 3582(c)(2) allows modification of a term of imprisonment only if: "(1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Vinnie*, 2012 WL 992113 (W.D.Wash. 2012)(internal citations omitted); *accord* U.S.S.G. § 1B1.10(a) (the policy statements). In a case where the statutory mandatory minimum is greater than the maximum of the applicable guideline range, "the statutorily required minimum sentence shall be the guideline sentence. " U.S.S.G. § 5G1.1(b)

In *United States v. Hood*, 556 F.3d 226, 235–36 (4th Cir. 2009), the Fourth Circuit Court of Appeals addressed a similar situation where a defendant sought a sentence reduction following an amendment to the guidelines. In *Hood*, the defendant was sentenced to less than the mandatory minimum following the government's motion for substantial assistance. The Fourth Circuit held that because the defendant's sentence was not based on a sentencing range lowered by the Sentencing Commission, it was therefore not subject to modification pursuant to § 3582(c)(2). *Id.*; *United States v. Freeman*, 2012 WL 178354 W.D.Va. 2012)(*citing Hood*). *See also United States v. Surratt*, 2011 WL 5925306, at *1 (3d Cir. Nov. 29, 2011) ("A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls the defendant's sentence." (*citing United States v. Doe*, 564 F.3d 305, 312 (3d Cir.2009)). The same is true here.

Jennings remains subject to the ten year statutory mandatory minimum, which is unaffected by the guideline amendments. Thus, the guidelines still call for a sentence of 120

2

months. U.S.S.G. § 5G1.1(b). Accordingly, Amendment 750 does not lower the applicable guideline range, and Jennings is ineligible for a sentence reduction. Accordingly, relief under § 3582(c)(2) is unavailable to Jennings and his Motion for Reconsideration (Dkt. # 1842) is **DENIED**.

To the extent that a certificate of appealability is applicable to the present action, the court denies a certificate of appealability. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**IT IS SO ORDERED.**

                                      s/Timothy M. Cain
                                      United States District Judge

April 18, 2012
Greenville, South Carolina